**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GEORGE ROHRBACH,          :     CIVIL NO. **1:06-CV-0202**
                        :
           Petitioner    :     (Judge Conner)
                        :
        v.             :     (Magistrate Judge Smyser)
                        :
PA BOARD OF PROBATION &     :
PAROLE and SUPERINTENDENT   :
SHANNON                    :
          Respondents   :

## REPORT AND RECOMMENDATION

On January 26, 2006, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is challenging a decision of the Pennsylvania Board of Probation and Parole recommitting him to prison as a technical parole violator.

By an Order dated February 1, 2006, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). The petitioner elected to have his petition ruled upon as filed. Accordingly, we treat the petition as a 28 U.S.C. § 2254 petition, as it is captioned.

By an Order dated February 23, 2006 we ordered the respondents to respond to the petition on or before March 14, 2006. The Order of February 23, 2006 further provided that the petitioner may file a reply to the response within 10 days of the filing of the response.

After requesting and receiving an extension of time, on March 15, 2006, the respondents filed an answer to the petition and documents in support of their answer. On March 28, 2006, the petitioner filed a reply.

The following facts are not in dispute. The petitioner was convicted in the Court of Common Pleas of Schuylkill County of retail theft and sentenced to a term of imprisonment of one to two years. *Doc. 1 at ¶¶ 1,3 & 5.* The petitioner's minimum sentence was calculated to expire on January 7, 2005 and his maximum sentence was calculated to expire on January 7, 2006. *Doc. 10, Exhibit 1.*

On March 21, 2005, the petitioner was paroled by the Pennsylvania Board of Probation and Parole (Board) to a community corrections center. *Doc. 10, Exhibit 4.* On September

2

22, 2005, the petitioner was arrested on a warrant issued by the
Board for violating the conditions of his parole by absconding
from the community corrections center. *See Doc. 10, Exhibits 8,
11 & 12.*

On September 23, 2005, the petitioner was served with a
Notice of Charges and Hearings form which listed the charges
against him and scheduled a preliminary hearing for October 6,
2005. *Doc. 10, Exhibit 13.*  The petitioner waived his right to a
preliminary hearing. *Doc. 10, Exhibit 15.*  The petitioner also
waived his right to a final hearing before a panel and instead
requested that his final hearing be held before a hearing
examiner. *Id.*

On October 6, 2005, a parole violation hearing was held.
*Doc. 10, Exhibit 16.*  The Board revoked the petitioner's parole
by a Notice dated December 16, 2005, which Notice provided that
the petitioner was recommitted to a state correctional
institution as a technical parole violator to serve his
unexpired term of 7 months and 8 days. *Doc. 10, Exhibit 17.*  The
petitioner's new maximum sentence was calculated to expire on
May 2, 2006. *Doc. 10, Exhibit 18.*

3

The petitioner filed a request with the Board for administrative relief from the December 16, 2005 decision. *Doc. 10, Exhibit 20.* The petitioner claimed that the Board violated his due process rights by failing to give him written notice and an opportunity to be heard on the issue of extending his maximum release date. *Id.* The Board denied the petitioner's administrative appeal by a decision dated February 16, 2006. *Doc. 10, Exhibit 21.*

The respondents contend that the petitioner failed to exhaust state remedies.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and

4

provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).  In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts.  *O'Halloran*, *supra,* 835 F.2d at 508.  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

The respondents contend that the petitioner failed to exhaust administrative remedies by failing to file an appeal to the Commonwealth Court and then to the Pennsylvania Supreme

Court.   The petitioner contends that there was no effective remedies available to challenge the Board's decision.

The petitioner could have filed a petition for review of the Board's administrative decision to the Commonwealth Court. *See Shaffer v. Pennsylvania Bd. of Prob. & Parole,* 675 A.2d 784, 786 (Pa.Cmmwt.Ct. 1996); *Johnson v. Murray,* 888 A.2d 28, (Pa.Cmmwt.Ct. 2005).   However, any petition for review was required to have been filed within 30 days of the Board's decision. Pa.R.A.P. 1512(a)(1).   Any petition for review filed at this point would be untimely.   Thus, it does not appear that there are any state remedies still available for the petitioner to pursue.

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is

'an absence of available State corrective process.'"").  A
procedural default occurs when a prisoner's claim is barred from
consideration in the state courts by an "independent and
adequate" state procedural rule. *Id.*  Federal courts may not
consider the merits of claims that have been procedurally
defaulted unless the petitioner establishes "cause" to excuse
the default and actual "prejudice" as a result of the alleged
violation of federal law or unless the prisoner demonstrates
that failure to consider the claim will result in a fundamental
"miscarriage of justice." *Id.*

     The petitioner has procedurally defaulted his claim in
state court.  He has not shown cause or prejudice to excuse his
default or that the failure to consider the claim would result
in a fundamental miscarriage of justice.  Thus, is will be
recommended that the petition be dismissed based on the
petitioner's procedural default.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

_____**/s/ J. Andrew Smyser**
J. Andrew Smyser
Magistrate Judge

Dated:  May 9, 2006.